TRANSPORTE RODRÍGUEZ ASFALTO INC., recurrido, *v.* JUNTA DE SUBASTAS y MUNICIPIO DE AGUADILLA, peticionarios; BETTE-RECYCLING CORPORATION y ASPHALT SOLUTIONS HATILLO, LLC, licitadores agraciados.

*Número:* CC-2014-1035      *Resuelto:* 1 de marzo de 2016

*Pablo B. Rivera Díaz* y *Pamela Rivera-De León*, del *Bufete Díaz & Asociados, PSC*, abogados de la parte peticionaria; *Edwin A. Avilés Pérez*, de *Avilés, Cruz & Asociados*, abogado de la parte recurrida; *Ariel Marrero Otero*, abogado de la licitadora agraciada Betterecycling Corporation, licitadora agraciada.

EL JUEZ ASOCIADO SEÑOR KOLTHOFF CARABALLO emitió la opinión del Tribunal.

Comparece la parte peticionaria, la Junta de Subastas del municipio de Aguadilla y nos solicita que dejemos sin efecto una sentencia dictada por el Tribunal de Apelaciones el 14 de octubre de 2014. Mediante esta, el foro apelativo intermedio revocó la adjudicación de una subasta y devolvió el caso a la Junta para que indicara el término que tienen las partes para acudir en reconsideración y notificara adecuadamente la adjudicación a todas las partes.

Nos corresponde determinar si erró el Tribunal de Apelaciones al revocar una subasta para el suministro de bienes al amparo de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico (Ley de Municipios Autónomos),[1] por entender que su notificación era insuficiente al no disponer el término que tenían las partes para presentar una reconsideración ante la Junta de Subastas. Resolvemos que la notificación, según fue emitida, es válida y suficiente según nuestro estado de derecho.

I

El 4 de marzo de 2014, el Municipio Autónomo de Aguadilla publicó una notificación y Aviso de Subasta en el periódico Primera Hora. La reunión de apertura del proceso de subasta se pautó para ser celebrada el 27 de marzo de 2014.

A la subasta de referencia asistieron como licitadores cuatro entidades. Estas fueron: Betterecycling Corporation (Betterecycling), E & M Asfalto (E & M), Transporte Rodríguez Asfalto (Transporte Rodríguez) y Asphalt Solutions Hatillo, LLC. (Asphalt Solutions). El 7 de mayo de 2014, la Junta de Subastas del Municipio de Aguadilla (la Junta de Subastas) adjudicó en parte la subasta de refe-

_____

[1] Ley Núm. 81 de 30 de agosto de 1991, según enmendada.

rencia a Betterecycling y otra porción a Asphalt Solutions. Inconforme con tal adjudicación, Asphalt Solutions presentó el 19 de mayo de 2014 un recurso de revisión administrativa ante el Tribunal de Apelaciones, cuyo número de referencia es el KLRA201400430. Por su parte, Transporte Rodríguez acudió el mismo día ante el tribunal apelativo intermedio mediante el recurso de revisión administrativa KLRA201400433. El 30 de mayo de 2014 el Tribunal de Apelaciones consolidó los dos recursos de revisión administrativa señalados.

Así las cosas, el 19 de junio de 2014, el foro apelativo intermedio emitió una sentencia en la cual revocó la adjudicación de la subasta impugnada y devolvió el caso de autos ante la Junta de Subastas para que esta fundamentara y notificara nuevamente la adjudicación a todas las partes.

Posteriormente, el 29 de agosto de 2014, la Junta de Subastas emitió una Notificación de Adjudicación de Subasta. En resumidas cuentas, adjudicó la subasta Núm. 2015-12 "Suministro de brea fría/caliente" a los licitadores Betterecycling (renglones 2, 3, 4, 5 y 6) y Asphalt Solutions (renglón 1) por renglones a base del precio más económico. Los renglones del 7 al 9 no fueron adjudicados por entenderse que el precio cotizado no era razonable. Para esa determinación, la Junta tomó en consideración los porcientos del parámetro de inversión que otorga la Junta de Inversión a la Industria Puertorriqueña. Como parte de la notificación, la Junta apercibió a cualquier parte afectada sobre su derecho a solicitar la revisión de esa decisión ante el Tribunal de Apelaciones en el término jurisdiccional de 10 días contados a partir del archivo en autos de la copia de la Notificación del Acuerdo Final de Adjudicación. Esto, en conformidad con el *Art. 15.002 de la Ley de Municipios Autónomos*, supra.

Inconforme con esa determinación, el 8 de septiembre de 2014, Transporte Rodríguez acudió nuevamente ante el

Tribunal de Apelaciones mediante el recurso de revisión administrativa KLRA201400937. En lo pertinente, alegó que la Junta de Subastas había errado al adjudicar al postor más alto en precio sin existir en el expediente administrativo evidencia que justificara su determinación y al no haber notificado a los no favorecidos las razones por las cuales no se les adjudicó la subasta.

Así las cosas, el 16 de octubre de 2014, el Tribunal de Apelaciones notificó una sentencia mediante la cual devolvió el caso ante la Junta de Subastas para que indicara el término que tenían las partes para acudir en reconsideración y notificara correctamente la adjudicación a todas las partes. El foro apelativo intermedio razonó que la notificación de la subasta fue errónea por no informar a las partes el término que tenían para solicitar una reconsideración ante la Junta de Subastas. Expresó que, una vez la Junta de Subastas notificara la adjudicación de la subasta correctamente, las partes adversamente afectadas podían presentar un recurso de revisión administrativa ante el foro apelativo intermedio.

El 16 de octubre de 2014, la Junta de Subastas presentó una reconsideración, la cual fue declarada "no ha lugar" y notificada el 4 de noviembre de 2014.(²)

Insatisfecha, el 3 de diciembre de 2014, la Junta de Subastas presentó un recurso de *certiorari* ante este Foro y señaló que el Tribunal de Apelaciones cometió los errores siguientes:

> Erró el Honorable Tribunal de Apelaciones, al no resolver que la determinación de la Junta de Subastas fue conforme a lo dispuesto en la Ley Núm. 81 de 30 de agosto de 1991, según enmendada conocida como *Ley de Municipios Autónomos*; el *Reglamento para la Administración Municipal*, promulgado por la Oficina del Comisionado de Asuntos Municipales (OCAM), Reglamento Núm. 7539; el Reglamento de la Junta

---

(²) Véase Apéndice del *Certiorari*, Notificación de Resolución en reconsideración, págs. 71–74.

de Subastas del Municipio de Aguadilla; la Ley 14-2004, según enmendada, y el estado de derecho vigente.
Erró el Honorable Tribunal de Apelaciones, al revocar la adjudicación de la subasta Núm. 2015-12 y establecer por fiat judicial que la Junta de Subastas debe indicar el término que tienen las partes para acudir en reconsideración ante la propia Junta de Subastas, lo que es contrario al Estado de Derecho vigente. (Énfasis en el original). *Certiorari*, págs. 9–10.

Examinadas las circunstancias particulares del presente caso, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, procedemos a resolver mediante los fundamentos que expondremos a continuación.

## II

Las subastas son el proceso por el cual se invitan a varios proponentes para que presenten ofertas para la realización de obras o adquisición de bienes y servicios.[3] En varias ocasiones hemos reconocido el alto interés público del proceso de subastas en el gobierno.[4] El propósito primordial del proceso de subasta es proteger los fondos públicos, fomentando la libre y diáfana competencia entre el mayor número de licitadores posibles.[5] Así, se pretenden evitar influencias ajenas al beneficio para el interés público. Por medio de las subastas gubernamentales el Gobierno maximiza la posibilidad de obtener el mejor contrato, mientras se protegen los intereses y activos del pueblo contra el dispendio, el favoritismo, la corrupción y el

---

[3] *Aluma Const. v. A.A.A.*, 182 DPR 776, 782 (2011); *Perfect Cleaning v. Cardiovascular*, 172 DPR 139, 143 (2007).

[4] *Caribbean Communications v. Pol. de P.R.*, 176 DPR 978, 994–995 (2009); *Hatton v. Mun. de Ponce*, 134 DPR 1001, 1005 (1994); *Great Am. Indem. Co. v. Gobierno de la Capital*, 59 DPR 911, 916 (1942).

[5] *Empresas Toledo v. Junta de Subastas*, 168 DPR 771, 778 (2006).

descuido al otorgarse los contratos.([6]) De esta forma, el Gobierno puede llevar a cabo sus funciones como comprador de una forma eficiente, honesta y correcta para proteger los intereses y el dinero del pueblo.([7])

■    En *Aluma Const. v. A.A.A.*([8]) reconocimos que no existe una ley que regule los procedimientos de subasta con uniformidad. Ciertamente, la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (LPAU) regula varios aspectos de las subastas llevadas a cabo por las agencias gubernamentales. Sin embargo, esa ley excluye específicamente de su definición de "agencia" a los "gobiernos municipales o sus entidades o corporaciones".([9]) Por lo tanto, la LPAU resulta inaplicable a los procedimientos de subastas efectuados por los gobiernos municipales como en el caso de autos.

■    Por otra parte, las subastas celebradas por los municipios quedan reguladas por las disposiciones de la Ley Núm. 81-1991, según enmendada, conocida como Ley de Municipios Autónomos de Puerto Rico, *supra* (Ley de Municipios Autónomos).([10]) En lo relativo, en su Art. 15.002 establece cuál es el foro judicial que deberá revisar el acuerdo final o la adjudicación de la Junta de Subastas. Este artículo, junto con el Art. 10.006 fueron enmendados por la Ley Núm. 213-2009 para modificar el inciso (a), en cuanto cómo será notificada la adjudicación de la subasta a las partes. Esta enmienda establece lo siguiente:

([6]) *Costa Azul v. Comisión*, 170 DPR 847, 854 (2007); *A.E.E. v. Maxon*, 163 DPR 434, 438–439 (2004).

([7]) *Aluma Const. v. A.A.A.*, supra, págs. 782–783; *Cordero Vélez v. Mun. de Guánica*, 170 DPR 237, 245 (2007).

([8]) *Aluma Const. v. A.A.A.*, 182 DPR 776, 783 (2011).

([9]) Véase la Sec. 1.3 de la Ley de Procedimiento Administrativo Uniforme, 3 LPRA sec. 2102.

([10]) Arts. 10.001–10.007, 21 LPRA sec. 4001 *et seq.* Véase, además, *Pta. Arenas Concrete, Inc. v. J. Subastas*, 153 DPR 733, 739 (2001).

*Junta de Subasta-Funciones y deberes*

La Junta entenderá y adjudicará todas las subastas que se requieran por ley, ordenanza o reglamento y en los contratos de arrendamiento de cualquier propiedad mueble o inmueble y de servicios, tales como servicios de vigilancia, mantenimiento de equipo de refrigeración, y otros.

(a) *Criterios de adjudicación.*—Cuando se trate de compras, construcción o suministros de servicios, la Junta adjudicará a favor del postor razonable más bajo. [...] La Junta hará las adjudicaciones tomando en consideración que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta.

La Junta podrá adjudicar a un postor que no sea necesariamente el más bajo o el más alto, según sea el caso, si con ello se beneficia el interés público. En este caso, la Junta deberá hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifican tal adjudicación.

Tal adjudicación de una subasta será notificada a todos los licitadores certificando el envío de dicha adjudicación mediante correo certificado con acuse de recibo. En la consideración de las ofertas de los licitadores, la Junta podrá hacer adjudicaciones por renglones cuando el interés público así se beneficie. La Junta notificará a los licitadores no agraciados, las razones por las cuales no se le adjudicó la subasta. *Toda adjudicación tendrá que ser notificada a cada uno de los licitadores apercibiéndolos del término jurisdiccional de diez (10) días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones de conformidad con el Artículo 15.002 de esta Ley.* (Énfasis suplido). 21 LPRA sec. 4506.

■ Por su parte, el Art. 15.002, fue también enmendado para incluir un segundo inciso mediante el cual se le provee al Tribunal de Apelaciones jurisdicción exclusiva sobre las revisiones de acuerdos finales o adjudicaciones de la Junta de Subastas. Este artículo establece lo siguiente:

*Tribunal de Primera Instancia y Tribunal de Apelaciones*

(1) El Tribunal de Primera Instancia de Puerto Rico entenderá y resolverá con exclusividad, a instancias de la parte perjudicada, sobre los siguientes asuntos:

*(2) El Tribunal de Apelaciones revisará, con exclusividad, el acuerdo final o adjudicación de la Junta de Subastas, el cual se notificará por escrito y mediante copia por correo escrito regular y certificado a la(s) parte(s) afectada(s). La solicitud de revisión se instará dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la copia de la notificación del acuerdo final o adjudicación. La notificación deberá incluir el derecho de la(s) parte(s) afectada(s) de acudir ante el Tribunal de Apelaciones para la revisión judicial; término para apelar la decisión; fecha de archivo en auto de la copia de la notificación y a partir de qué fecha comenzará a transcurrir el término.* La competencia territorial será del circuito regional correspondiente a la región judicial a la que pertenece el municipio. (Énfasis suplido). 21 LPRA sec. 4702.

En lo pertinente al caso de epígrafe, el Reglamento para la Administración Municipal en su Parte II, Sección 13, expone lo relativo al aviso de adjudicación de subastas.[11] El inciso (3) de esa sección establece que *la notificación de la adjudicación debe contener*: (1) nombre de los licitadores; (2) síntesis de las propuestas sometidas; (3) factores y criterios que se tuvieron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos, y (4) *derecho a solicitar revisión judicial de la adjudicación o acuerdo final ante el Tribunal de Apelaciones, en el término jurisdiccional de 20 días,*[12] *contados a partir del depósito en el correo de la notificación de adjudicación.*

De igual forma, el Reglamento de la Junta de Subasta del Municipio de Aguadilla establece que el mecanismo para solicitar la revisión de la adjudicación de subasta es por medio de la revisión judicial. Particularmente, en el artículo XXVIII de su sexta parte, sobre las notificaciones de la adjudicación de subasta, se establece lo siguiente:

---

[11] Reglamento para la Administración Municipal Núm. 7539, Oficina del Comisionado de Asuntos Municipales, 18 de julio de 2008.

[12] A pesar de que el Reglamento aún no lo refleja, este término fue reducido a 10 días según lo dispuesto en la Sec. 2(2) de la Ley Núm. 213-2009.

*Artículo XXVIII. Notificación*([13])

En cualquier acuerdo sobre la determinación de una subasta, la notificación deberá expresar el derecho de Revisión que tiene cualquier persona afectada por la decisión de la Junta, *el término jurisdiccional de diez (10) días para presentar la Revisión Judicial de la Adjudicación* y que el término jurisdiccional empezará a partir del archivo en autos de copia de la notificación del acuerdo final o adjudicación. Esta notificación será enviada al licitador que se lleve la buena pro y a los licitadores agraciados. Además, se incluirá las razones por las cuales no se adjudicó a los no agraciados.

La notificación contendrá la advertencia de que se reserva el derecho de cancelar cualquier adjudicación antes de la formalización del contrato u orden de compra. Contendrá además, la advertencia de que si el postor agraciado no cumple con las condiciones expuestas se someterá a las penalidades establecidas por ley y reglamento, o los que se expresen en la subasta. (Énfasis suplido).([14])

■ Por nuestra parte, desde antes de aprobado el reglamento, habíamos reconocido que para una revisión judicial efectiva, el debido proceso de ley exige que toda notificación de adjudicación de una subasta municipal sea adecuada.([15]) Además, reconocimos que para hacer efectivo el derecho a una revisión judicial, es necesario que se advierta en la notificación de adjudicación de una subasta municipal el derecho a procurar *revisión judicial*; el término disponible para hacerlo, y la fecha del archivo en autos de copia de la notificación de la adjudicación.([16])

En cuanto a la notificación, tendrá que ser clara, eficaz y

---

([13]) Por lo que aparenta ser un error en la codificación, el Reglamento de Subasta del Municipio de Aguadilla contiene dos artículos en su sexta parte con la numeración XXVIII. No obstante, aclaramos que hacemos referencia al segundo de estos, pertinente a la notificación de la adjudicación de la subasta.

([14]) Cabe destacar que a pesar de que el estado de derecho actual no contempla que una parte pueda solicitar la reconsideración a la Junta de Subasta, nada impide que el municipio de Aguadilla en su momento adopte las medidas necesarias para que motu proprio se le permita rectificar una adjudicación de subasta antes de estar el asunto bajo la jurisdicción de los tribunales.

([15]) *Torres Prods. v. Junta Mun. Aguadilla*, 169 DPR 886, 893 (2007).

([16]) *Torres Prods. v. Junta Mun. Aguadilla*, supra, pág. 894. Véase, además, *IM Winner, Inc. v. Mun. de Guayanilla*, 151 DPR 30, 38 (2000).

cursada por escrito.([17]) El propósito de este tipo de notificación es que los licitadores perdidosos tengan la oportunidad de solicitar *revisión judicial* de la determinación de la Junta de Subastas, en el término jurisdiccional aplicable. Además, se requiere que la notificación de una adjudicación sobre subastas incluya los fundamentos que justifiquen su determinación, aunque sea de forma breve, sucinta o sumaria. Así, *los tribunales* podrán revisar efectivamente los fundamentos para determinar si la determinación de la junta ha sido arbitraria, caprichosa o irrazonable.([18])

## III

La parte peticionaria comparece ante este Foro y, en síntesis, alega que el Tribunal de Apelaciones erró al no resolver que la determinación de la Junta de Subastas fue conforme al derecho vigente aplicable. Para ello, la peticionaria arguye que, con su determinación, el tribunal apelativo intermedio estableció mediante *fiat* judicial que la Junta de Subastas debía indicar el término que tenían las partes para acudir en reconsideración, lo cual es contrario al estado de derecho vigente. Le asiste la razón.

Del expediente surge que la peticionaria incluyó en su notificación toda la información requerida por la Ley de Municipios Autónomos. Además, la notificación cumple cabalmente con nuestros pasados pronunciamientos en cuanto a la notificación adecuada para la adjudicación de subastas realizadas por los municipios. Así se cumplió con el debido proceso de ley, de forma tal que las partes pudieran ejercer efectivamente su derecho a solicitar una revisión judicial.

■ Tal como señalamos las subastas llevadas a cabo por los municipios están reguladas por la Ley de Municipios Autónomos y no por la LPAU. Esa ley, a diferencia de

---

([17]) *Cordero Vélez v. Mun. de Guánica*, supra, pág. 247.
([18]) *Pta. Arenas Concrete, Inc. v. J. Subastas*, supra, pág. 742.

la LPAU, no provee para que las partes adversamente afectadas por una adjudicación de subasta presenten un recurso de reconsideración ante la Junta de Subastas. Por ello, *en lo relativo a la adjudicación de subastas municipales, la parte adversamente afectada no tiene disponible el mecanismo de reconsideración ante la Junta de Subastas, sino que deberá acudir en revisión judicial ante el Tribunal de Apelaciones.* Es evidente entonces que una notificación de adjudicación de subasta realizada al amparo de la Ley de Municipios Autónomos no puede disponer de un término para llevarse a cabo una reconsideración, cuando el estado de derecho vigente no le reconoce el derecho a solicitar reconsideración. Por lo tanto, la determinación del foro apelativo primario no está fundamentada en el estado de derecho vigente.

Conforme todo lo anterior, el Tribunal de Apelaciones erró al revocar la adjudicación de la subasta 2015-12 y ordenar a la peticionaria a incluir en la notificación una solicitud de reconsideración no contemplada en la ley, ignorando así, el estado de derecho aplicable. Consecuentemente, erró el Tribunal de Apelaciones al determinar que la notificación de subasta fue insuficiente e inválida por no contener un término para solicitar reconsideración ante la Junta de Subastas.

Por los fundamentos antes expuestos, *se revoca la Sentencia del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Apelaciones para que resuelva conforme con lo aquí expuesto.*

*Se dictará Sentencia de conformidad.*