ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| MIGUELITO ASPHALT, INC.<br><br>Recurrente<br><br>V.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE RÍO GRANDE<br><br>Recurrida<br><br>CAPITAL ASPHALT PAVING, INC.; SUPER ASPHALT PAVING CORP.; PUERTO RICO ASPHALT, LLC<br><br>Proponentes | KLRA202300453 | Revisión Judicial procedente de la Junta de Subastas del Municipio Autónomo de Río Grande<br><br>Subasta Núm.: 2023-10, Serie 2023-2024, Reglón Núm. 38<br><br>Sobre: Impugnación de Adjudicación de Subasta |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de noviembre de 2023.

El recurrente, Miguelito Asphalt Inc., solicita que revoquemos la adjudicación del Renglón Núm. 38 de la Subasta Número 2023-10 que realizó el Municipio Autónomo de Río Grande.

El recurrido, Municipio Autónomo de Río Grande, presentó su oposición al recurso.

Los hechos pertinentes a la controversia que nos ocupa son los siguientes.

**I.**

El 18 de abril de 2023, el Municipio de Río Grande publicó un Aviso de Subasta en el Periódico Primera Hora. La subasta incluyó el Reglón Núm. 38 de asfalto, regado, compactado, escarificación en calles, caminos, construcción y otras actividades de construcción relacionadas. Las compañías: (1) Puerto Rico

Asphalt, LLC, (2) Super Asphalt, (3) Miguelito Asphalt Inc. y (4) Capitol Asphalt Paving Inc., hicieron sus propuestas. La Junta concluyó que Capitol Asphalt cumplió con las especificaciones y condiciones requeridas y ofreció el precio más bajo. Por consiguiente, adjudicó la subasta a su favor. La recurrente acudió al Tribunal de Apelaciones en el KLRA202300314. El 31 de julio de 2023, este tribunal desestimó el recurso por prematuro. El Tribunal de Apelaciones concluyó que el aviso de adjudicación fue defectuoso, porque el Municipio no desglosó los costos de todas las propuestas y no fundamentó la decisión.

El 15 de agosto de 2023, la Junta de Subasta emitió el Aviso de Adjudicación, en que incluyó una tabla con los nombres de los cuatro licitadores participantes y los precios que cada uno ofreció en cada uno de los trabajos que forman parte del Reglón Núm. 38. La Junta concedió la subasta a Capitol Asphalt Paving Inc., porque fue el licitador que ofreció el precio más bajo y cumplió con las especificaciones y condiciones requeridas.

Inconforme, la recurrente presentó este recurso en el que alega que:

> ERRÓ Y ABUSÓ DE SU DISCRECIÓN LA HONORABLE JUNTA DE SUBASTAS AL NO DESCALIFICAR A CAPITOL, SUPER ASPHALT Y PUERTO RICO ASPHALT POR INCUMPLIR CON LAS CONDICIONES GENERALES DE LA SUBASTA 2023-10, RENGLÓN NUM. 38 Y CON LOS REQUISITOS CONTENIDOS EN SU PROPIO REGLAMENTO DE SUBASTAS.

> ERRÓ Y ABUSÓ DE SU DISCRECIÓN LA HONORABLE JUNTA DE SUBASTAS AL NO ADJUDICAR LA SUBASTA 2023-10 RENGLÓN NUM. 38, A FAVOR DE MIGUELITO ASPHALT COMO LICITADOR RESPONSIVO Y RESPONSABLE MÁS BAJO.

**II.**

La Sección 9 del Art. VI de la Constitución de Puerto Rico establece que únicamente se dispondrá de las propiedades y fondos públicos para esos fines y para el sostenimiento y

funcionamiento de las instituciones del Estado. Art VI, Sec. 9, Const. ELA, LPRA, Tomo 1, ed. 2008, pág. 429. Por esa razón, es necesario que la utilización de fondos públicos se rija por los más altos principios éticos y de fiducia. *Rodríguez Ramos et al v. ELA et al,* 190 DPR 448, 456 (2014); *Jaap Corp. v. Depto. Estado et al,* 187 DPR 730, 739 (2014).

A través de las subastas se invita a varios proponentes a presentar sus ofertas para realizar obras y adquirir servicios. El propósito primordial de las subastas es proteger los fondos públicos mediante la libre y diáfana competencia entre el mayor número de licitadores posible. El objetivo de la subasta es evitar influencias ajenas al beneficio del interés público. Las subastas gubernamentales maximizan la protección de los intereses y activos del pueblo contra el dispendio, el favoritismo, la corrupción y el descuido al otorgarse los contratos. Además, permiten que el gobierno realice sus funciones de comprador con eficiencia, honestidad y en protección de los intereses y dinero del pueblo. *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 531 (2019; *CD Builders v. Mun. Las Piedras,* 196 DPR 336, 344 (2016); *Transporte Rodríguez v. Junta de Subastas,* 194 DPR 711, 716-717 (2016). La contratación gubernamental de servicios está revestida del más alto interés público. Su objetivo es fomentar la inversión adecuada, responsable y eficiente de los recursos del Estado. *ECA Gen Contract v. Municipio de Mayagüez,* 200 DPR 665, 672 (2018); *Aut. Carreteras v. CD Builders, Inc.,* 177 DPR 398, 404 (2009).

El Art. 2.035 de la Ley Núm. 107 de 2020, conocida como Código Municipal de Puerto Rico, 21 LPRA 7211(a)(b), obliga a los municipios a cumplir con el procedimiento de subasta para compras, construcciones o mejoras públicas que excedan cien mil dólares. Los municipios tienen que establecer un reglamento con

las condiciones y requisitos para la adquisición de los servicios equipos y/o suministros necesarios. El licitador que presente su certificado de elegibilidad de la Administración de Servicios Generales vigente está exento de presentar los documentos o certificaciones cubiertos por el mismo.

La Junta de Subasta es el organismo municipal que entenderá y adjudicará todas las subastas. La adjudicación será al postor más bajo, en el caso de las subastas de compra, construcción o suministros de servicio. La subasta podrá adjudicarse a un postor que no sea el más bajo si es en beneficio del interés público. La junta deberá hacer constar por escrito las razones de interés público que justifican tal adjudicación. Al momento de hacer la adjudicación, la junta deberá considerar: (1) que las propuestas cumplan con las especificaciones, (2) los términos de entrega, (3) la habilidad del postor para realizar y cumplir con el contrato, (4) la responsabilidad económica del licitador, (5) su reputación e integridad comercial, (6) la calidad del equipo, producto o servicio y (7) cualesquiera otras condiciones que se hayan incluido en el pliego de subasta. La adjudicación será notificada a todos los licitadores por los métodos que establece la ley. Los licitadores no agraciados serán notificados de las razones por las que la subasta no se adjudicó a su favor. Art. 2.040 de la Ley Núm. 107, *supra*, 21 LPRA 7216(a).

El Reglamento de Subastas del Municipio Autónomo de Río Grande establece que toda compra tiene que efectuarse mediante competencia y que la subasta se adjudicará al postor que hace la oferta más beneficiosa. La Junta de Subasta determinará la oferta que es más beneficiosa a base del precio, especificaciones, término y estipulaciones requeridas. Véase, PRINCIPIO DE COMPETENCIA.

Dicho reglamento contiene varias definiciones pertinentes para atender y resolver las controversias de este recurso. Estas definiciones son las siguientes:

41. **Licitador Responsable significa aquel que**:

a. Tiene recursos financieros adecuados para cumplir su obligación o la habilidad de obtener tales recursos.
b. Es capaz de cumplir con los términos requeridos o propuestos de entrega, según estipulados o requeridos.
c. Tiene un historial de cumplimiento satisfactorio.
d. Tiene un historial satisfactorio de integridad y ética comercial.
e. Tiene la organización, experiencia, contabilidad y controles operacionales y destrezas técnicas necesarias para cumplir con obligaciones.
f. Tiene equipo técnico y facilidades necesarias, o la habilidad de obtener tal equipo y facilidades.
g. Esta de otra forma cualificado y sea elegible para recibir una adjudicación de conformidad con las leyes y reglamentos aplicables.

42. **Mejor postor cualificado** - licitador que presenta una cotización u oferta, la cual no necesariamente tendría que ser el que cotiza más bajo en precio en los casos de compra de materiales y equipos, construcción o servicio, ni más alto en arrendamiento o venta de propiedad mueble e inmueble, pero que cumple con todas las condiciones de la Subasta.

...

51. **Pliego de Subasta** - los documentos que la Oficina de Subasta proporciona a los licitadores para participar en una Subasta, el cual incluirá las instrucciones, especificaciones, condiciones especiales y generales, plano adendum, exhibits o cualquier otro documento que se haga parte de una Subasta.

...

54. **Postor más bajo -** el licitador cuya oferta es más baja en precio y cumple con las especificaciones.

...

64. **Renglón o partida** - agrupación de artículos por razón de características o descripciones generales.

Según el Art. 10.4 A (g):

La Junta de Subastas hará las adjudicaciones tomando en consideración que las propuestas sean conforme a las especificaciones, los términos de entregar, la habilidad del postor para realizar y

cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial y cualesquiera otras consideraciones que se hayan incluido en el pliego de Subasta. Una vez cualificadas las compañías cuando se trate de compras, construcciones o suministros de servicios, la Junta de Subastas adjudicará a favor del postor responsable más bajo en precio o que, aunque no sea la más baja en precio, la calidad y/o garantías ofrecidas superan las demás ofertas o se justifiquen el beneficio de interés público de esta adjudicación.

El procedimiento de subasta formal está regulado en el Art. 11. Según el Art. 11.8 d:

Los pliegos de proposiciones deberán ser firmados en tinta azul por el licitador, su apoderado o su representante autorizado. La Junta de Subasta podrá considerar aquellas ofertas sin firmar, si antes de la apertura de la Subasta el licitador afectado, o su representante autorizado, radicase una carta, u otro documento firmado, que justifique la ausencia de tal forma y aceptando la responsabilidad correspondiente. Podrá aceptarse, además, una oferta sin firmar si con los pliegos de oferta viene algún documento o carta firmada por el licitador en la cual se haga referencia directa a la transacción.

Por su parte, el Art. 11.8 (f):

Las ofertas deberán ser sometidas tomando como base el precio unitario indicado para cada artículo en la invitación a Subasta y podrá radicarse por uno o más de los artículos descritos. La Junta de Subasta se reserva el derecho de rechazar cualquier oferta de esa naturaleza que incluya el precio unitario por partidas. Además, a menos que el licitador indique, lo contrario, se reserva el derecho de considerar el precio global si así conviene al interés del municipio.

Por otro lado, el Art. 11.9 (f) dispone que solo se considerarán las licitaciones firmadas de acuerdo con el reglamento y que cumplan con todos los documentos y requisitos establecidos en los pliegos de especificaciones.

**III.**

La parte recurrente alega que Capitol incumplió con el Reglamento Municipal y con las Condiciones Generales de la Subasta porque no firmó todas las páginas de la propuesta.

El recurrido argumenta que Capitol cumplió con el Reglamento porque firmó todas las páginas de su propuesta económica. Según el Municipio, el Reglamento no exige que los licitadores firmen todas las páginas de cada uno de los documentos que acompañaron sus propuestas. El recurrido alega que Capitol escribió sus iniciales al final de la página donde comienza el Renglón 38 y que la segunda página está firmada por Benjamín Adorno y tiene el sello de la corporación.

El Municipio de Río Grande solo considerará las licitaciones debidamente firmadas, de acuerdo con lo establecido en su Reglamento de Subastas. Según el Art. 11.8 de dicho reglamento:

> 4. Los pliegos de proposiciones deberán ser firmados en tinta azul por el licitador, su apoderado o su representante autorizado.
>
> 5. La Junta de Subasta podrá considerar aquellas ofertas sin firmar, si antes de la apertura de la Subasta el licitador afectado, o su representante autorizado, radicase una carta, u otro documento firmado, que justifique la ausencia de tal forma y aceptando la responsabilidad correspondiente.
>
> 6. Podrá aceptarse además una oferta sin firmar si con los pliegos de oferta se incluye algún documento o carta firmada por el licitador, en la cual se haga referencia directa a la transacción.

La condición general núm. 22 de la subasta establece que:

> La propuesta u oferta deberá contener el nombre de la compañía licitadora en cada una de las páginas y deberá ser firmada en todas las páginas por la persona autorizada a estos efectos. Presentará certificación de que es la persona que estampa la firma en el Pliego de Subasta. Esta certificación es Compulsoria y debe estar incluida en la propuesta.

La parte recurrente no tiene razón. El primer señalamiento de error no se cometió. El Reglamento de Subastas del Municipio de Río Grande solo exige que los licitadores firmen los pliegos de proposiciones. La reglamentación del Municipio no requiere que los licitadores firmen todos los documentos que acompañan el pliego de proposiciones. A diferencia del **Pliego de Subasta**, el

Reglamento no incluye una definición de **Pliego de Proposiciones**, en la que haga formar parte de este otros documentos. Si ese fuera ese caso, las instrucciones, especificaciones, condiciones especiales y generales, plano, adendum, exhibits o cualquier otro documento que sea parte de una subasta, tendría que estar firmados porque son parte del pliego de proposiciones. Sin embargo, esa definición no existe en el Reglamento.

Miguelito Asphalt Inc., alega en el segundo señalamiento de error que Capitol incumplió con el Aviso de Subasta y con el Reglamento de Subastas del Municipio de Río Grande porque no hizo oferta en una de las partidas. La recurrente se refiere al inciso 21 de levantamiento de tapas y válvulas telescópicas (AAA) con bases de hormigón de 4k PSI. Véase, pág. 107 del apéndice del recurso.

El Municipio aduce que el Aviso de Subasta no obligó a los licitadores a cotizar precios en todos y cada uno de los artículos que componen los renglones del pliego de especificaciones. Según el Municipio, su Reglamento de Subastas permite que las ofertas se sometan tomando como base el precio unitario de cada artículo y que se radiquen por uno o más artículos.

La parte recurrente se equivoca. El Municipio tiene razón. El Reglamento de Subasta no exige que los licitadores hagan ofertas por todos los artículos que componen los renglones. Según lo dispuesto en el Art. 11.8 (f) del Reglamento de Subastas del Municipio de Río Grande, **la oferta podrá radicarse por uno o más de los artículos descritos**.

Por último, la recurrente plantea que Capitol no presentó evidencia de trabajos anteriores como exigió el Municipio en las Condiciones Generales de la Subasta.

El Municipio reconoce que Capitol no presentó evidencia de trabajos anteriores, pero invoca su discreción para obviar el cumplimiento de requisitos no esenciales o técnicos en beneficio del interés público.

La recurrente tiene razón. El Municipio abusó de su discreción y actuó irrazonablemente, porque permitió participar y adjudicó la buena pro a un licitador que incumplió con las condiciones del pliego de subasta.

**Según la condición general núm. 34 de la Subasta, los licitadores debían someter referencias de clientes similares al Municipio de Río Grande.** Capitol no presentó las referencias requeridas, a pesar de que su participación en la subasta constituyó una aceptación de las condiciones impuestas. Así consta expresamente en la condición general núm. 10.

El Municipio de Río Grande actuó de forma contraria a su propio reglamento, porque consideró y adjudicó la subasta a un licitador que no cumplió con todas sus condiciones. El proceder del Municipio atenta contra la política pública que exige que el uso de fondos públicos se rija por los más altos principios éticos y fiduciarios. El Municipio puso en ventaja a Capitol sobre los demás licitares que cumplieron todas las condiciones del Aviso de Subasta.

Las referencias de clientes similares al Municipio era una condición muy importante de la subasta, para establecer si Capitol era un licitador responsable. A través de las referencias de clientes similares, el Municipio podía corroborar la habilidad de Capitol para realizar y cumplir con el contrato y conocer su integridad y reputación comercial. La omisión de referencias impidió al Municipio evaluar su historial de cumplimiento y responsabilidad. Capitol no probó ser un licitador responsable conforme se define

en el Reglamento de Subastas. Tampoco puede considerarse como el más bajo, porque además del precio, tenía que cumplir con las especificaciones del pliego de subasta.

Las razones que aduce el Municipio para obviar el cumplimiento del requisito de referencias carecen de toda razonabilidad. El Municipio no puede justificar el incumplimiento con la mera alegación, sin fundamentos de que ejerció su discreción en beneficio del interés público.

La recurrente alega en el segundo señalamiento de error que la subasta debe adjudicarse a su favor. No obstante, lo correcto para garantizar la transparencia en el uso de los fondos públicos es revocar la subasta en su totalidad, debido a que el procedimiento estuvo viciado. Si el Municipio Autónomo de Río Grande lo entiende pertinente, queda a su completa discreción convocar una nueva subasta.

## IV.

Por los fundamentos antes expuestos, se revoca la adjudicación de la subasta.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones