<table>
<tr><td colspan="2" align="center">ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>TRIBUNAL DE APELACIONES<br>PANEL XI</td></tr>
</table>

| | | |
|---|---|---|
| M.R. MÉNDEZ CONSTRUCTION CORP.<br><br>RECURRENTE<br><br>V.<br><br>JUNTA DE SUBASTAS MUNICIPIO DE AGUADA<br><br>RECURRIDO | KLRA202300606 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Subastas de Municipio de Aguada<br><br>Núm.:<br>Serie2023-2024<br><br>Sobre:<br><br>Revisión Judicial de Decisiones Administrativas |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 23 de enero de 2024.

Comparece M. R. Méndez Construction Corp., (en adelante, "Méndez Construction"), mediante el recurso de revisión judicial de epígrafe. En su petitorio, solicita que revisemos la determinación notificada el 16 de noviembre de 2023 por la Junta de Subastas del Municipio de Aguada (en lo sucesivo, "Junta de Subastas."). En la referida determinación, la Junta de Subastas adjudicó la Subasta Núm. 1; Serie: 2023-2024.

Por los fundamentos que expondremos a continuación confirmamos la decisión recurrida.

### I.

El 5 de septiembre de 2023, la Junta de Subastas celebró la Subasta Núm. 1; Serie: 2023-2024, a los fines de contratar los servicios de una compañía que realizara mejoras en las facilidades recreativas del Parque Carlos Cajigas. Para dicha subasta, comparecieron y proporcionaron oferta los siguientes licitadores: Velocity, LLC; Méndez Construction; Constructora de Aguada Inc; Constructora V&M, Inc; y JCJ Construction.

Así las cosas, el 16 de noviembre de 2023, la Junta de Subastas, emitió y notificó una carta intitulada "*Adjudicación Subasta núm. 1; Serie: 2023-2024, Mejoras a las Facilidades Recreativas del Parque Carlos Cajigas.*" En la aludida epístola, se expuso que los siguientes licitadores cumplieron con la documentación necesaria para que sus propuestas fueron consideradas en el proceso de adjudicación:

| Licitador | Proposición Sometida |
|---|---|
| Méndez Construction | Anejo 1: $282,260.00<br>Anejo 1-A: $199,450.00<br>Total propuesto: $481,710.00 |
| Constructora Aguada, Inc. | Anejo 1: $409,704.50<br>Anejo 1-A: $219,443.00<br>Total propuesto: $629,157.50 |
| Constructora V&M Inc. | Anejo 1: $465,855.00<br>Anejo 1-A: $234,025.00<br>Total propuesto: $699,880.00 |
| JCJ Construction Corp. | Anejo 1: $476,000.95<br>Anejo 1-A: $395,999.07<br>Total propuesto: $872,000.02 |

En lo pertinente a la controversia que nos ocupa, la Junta de Subastas decidió otorgarle a la buena pro al segundo postor que presentó una propuesta más económica, es decir, la Constructora de Aguada, Inc. Ello, dado que, alegadamente Méndez Construction., cumplió con la documentación necesaria, pero omitió incluir la cuantía requerida para el renglón de *A/E Fees & Permits (Construction)*.

Inconforme, Méndez Construction Corp., recurrió ante nos y formuló el siguiente señalamiento de error:

> LA DETERMINACIÓN DE LA JUNTA DE SUBASTAS DEL GOBIERNO MUNICIPAL DE AGUADA DE NO OTORGAR LA BUENA PRO DE LA SUBASTA A MR MÉNDEZ CONSTRUCTION CORP., A PESAR DE SER EL POSTOR MÁS ECONÓMICO FUE UNA ARBITRARIA Y CAPRICHOSA POR ESTAR BASADA EN UNA PREMISA INCORRECTA TODA VEZ QUE LA RECURRENTE SI CUMPLIÓ CON ESTABLECER CUANTÍA EN EL RENGLÓN DE A/E FEES & PERMITS (CONSTRUCTION) ALLAWANCES LA CUAL ES LA ÚNICA RAZÓN POR LA CUAL DICHA JUNTA NO ADJUDICA LA SUBASTA A FAVOR DE LA RECURRENTE.

**II.**

***A. Subastas Municipales***

Jurisprudencialmente las subastas se han definido como "un proceso por el cual se invitan a varios proponentes para que presenten ofertas para la realización de obras o adquisición de bienes y servicios." *Transporte Rodríguez v. Jta. Subastas*, 194 DPR 711, 716 (2016). En lo que respecta a las subastas gubernamentales, su objetivo principal es proteger el erario. *ECA Gen. Contrac. v. Mun. de Mayagüez*, 200 DPR 665, 672 (2018). Ello, mediante el fomento de una libre y transparente competencia entre la mayor cantidad posible de licitadores. *Transporte Rodríguez v. Jta. Subastas*, supra a la pág. 716; *Empresas Toledo v. Junta de Subastas*, 168 DPR 771, 778 (2006).

En lo pertinente, los procesos de subastas municipales son regulados por el Código Municipal de Puerto Rico, Ley Núm. 107-2020, según enmendada, 21 LPRA sec. 7211-7217. La referida legislación les permite a los municipios contratar los servicios profesionales, técnicos y consultivos necesarios para llevar a cabo sus actividades, programas, operaciones o fines públicos autorizados. 21 LPRA sec. 7174.

## B. Revisión judicial

El Tribunal de Apelaciones es el foro con jurisdicción para revisar las adjudicaciones realizadas por una Junta de Subastas. 21 LPRA sec. 7081. Ahora bien, la referida revisión no se desarrolla en el vacío. Sabido es que dado al conocimiento especializado que poseen las agencias administrativas, los tribunales apelativos debemos concederles deferencia. *Hernández Feliciano v. Municipio de Quebradillas*, 2023 TSPR 6. A tenor con ello, las decisiones administrativas están cobijadas por una presunción de legalidad y corrección. *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018).

Así pues, el criterio rector de nuestra revisión judicial consiste en evaluar la razonabilidad de la actuación de la agencia recurrida. *Íd.* Conforme a lo anterior, este Tribunal solo sustituirá la apreciación del foro administrativo cuando este haya actuado de forma arbitraria, ilegal o de manera tan irrazonable que su actuación constituya un abuso de

discreción. *Hernández Feliciano v. Municipio de Quebradillas*, *supra; Rolón Martínez v. Supte. Policía*, supra a la pág. 35. Además, nuestra intervención con el criterio administrativo ocurrirá cuando su determinación final no se fundamente en evidencia sustancial o cuando la agencia realice una aplicación incorrecta del derecho. *Rolón Martínez v. Supte. Policía,* supra a la pág. 36.

**III.**

Méndez Construction aduce que cumplió con todas las especificaciones requeridas por la Junta de Subastas, incluyendo el establecimiento de una cuantía en el renglón intitulado "*A/E Fees & Permits (Construction) Allowances.*" Según esbozaremos, la cuantía que Méndez Construction arguye incluir no fue desglosada conforme a las indicaciones de la Junta de Subastas. Consecuentemente, no se estableció una cuantía particularizada para la obtención de permisos de construcción. Por tanto, no le asiste la razón. Veamos.

Surge de la comunicación emitida el 24 de agosto de 2023 por la Junta de Subastas, que los licitadores debían establecer un "*allowances*" para los trabajos eléctricos. Cabe resaltar, que el referido "*allowances*" debía desglosarse en una tabla independiente. No obstante, los licitadores detallaron dicho "*allowances*" en el anejo equivocado y no en la tabla independiente que había solicitado la Junta de Subastas. Particularmente, Méndez Construction incluyó la cantidad de $10,000 de "*allowances*" en el Anejo I, ítem #6. Así las cosas, la Junta de Subastas procedió a restar las cantidades expuestas en los anejos equivocados y sumó las aludidas cifras al Anejo 1-A. Dicho traslado de cantidades había sido notificado por la Junta de Subastas a través de una comunicación electrónica con fecha del 23 de octubre de 2023.[1] Así pues, al mover la Junta de Subastas las cantidades esbozadas equivocadamente por Méndez Construction en el Anejo I, ítem #6, quedó desprovisto de cuantía dicho ítem #6 en el cual se encontraba el "*A/E Fees & Permits*

---

[1] Véase página 101 del apéndice.

*(Construction) Allowances.*" En consecuencia, Méndez Construction dejó de establecer el desglose de una cuantía dirigida a la obtención de permisos de construcción.

Méndez Construction arguye que la cuantía perteneciente "*A/E Fees & Permits (Construction) Allowances"* fue incluida dentro del "*allowances*" de $10,000 notificado.[2] Empero, Méndez Construction omitió la inclusión de una cuantía particular para el referido renglón de "*A/E Fees & Permits (Construction) Allowances."* Solo se limitó a establecer el desglose solicitado por la Junta de Subastas para el "*allowances*" dirigido a los trabajos eléctricos.[3] Por tanto, contrario a lo alegado por Méndez Construction el renglón *A/E Fees & Permits (Construction) Allowances"* quedó desprovisto de cuantía*.*

De otra parte, tal y como fue expuesto en la doctrina que antecede las decisiones administrativas están cobijadas por nuestra deferencia. Al evaluar el expediente de epígrafe, no observamos que la Junta de Subastas haya actuado de una forma arbitraria o irrazonable. Además, el referido foro administrativo fundamentó las razones por las cuales no adjudicó la buena pro a Méndez Construction. Ante ello, concluimos que Méndez Construction no rebatió la presunción de corrección que reviste a las determinaciones finales de las agencias administrativas.

**IV.**

Por los fundamentos esbozados, confirmamos la determinación recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] Véase página 44 del apéndice.
[3] Véase página 103 del apéndice.