ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| ENCO GROUP, LLC<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE AGUADILLA; JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE AGUADILLA<br><br>Recurridos | TA2026RA00051 | ***Revisión Administrativa***, procedente de la Junta de Subastas del Municipio Autónomo de Aguadilla<br><br>Subasta Núm.: 2026-124<br><br>Sobre: Impugnación de Adjudicación y Notificación de Adjudicación de Subasta Núm. 2026-124, para Servicios de Construcción de Proyecto PR-CRP-000492, Rompeolas Recreational Activities Facilities |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de febrero de 2026.

Comparece Enco Group, LLC ("Enco" o "Recurrente") mediante *Recurso de Revisión Judicial* y nos solicita que revisemos una *Notificación de Adjudicación de Subasta*, emitida el 23 de enero de 2026 y notificada el 27 de enero de 2026, por la Junta de Subastas del Municipio Autónomo de Aguadilla ("Junta de Subastas"), con relación a la Subasta Núm. 2026-124.

Por los fundamentos que proceden, se *desestima* el recurso, por prematuro.

**I.**

El 25 de octubre de 2025, el Municipio Autónomo de Aguadilla ("Municipio") publicó un Aviso de Subasta para la Subasta Núm. 2026-124 sobre Servicios de Construcción Proyecto PR-CRP-000492 – Rompeolas Recreational Activities Facilities. Los licitadores participantes y las ofertas presentadas fueron las siguientes:

| | |
|---|---|
| R&V General Contractor, Corp | $4,160,000.00 |
| Enco Group, LLC. | $2,896,800.00 |
| HMN Construction, Corp. | $3,000,000.00 |

Evaluadas las propuestas, el 23 de enero de 2026, notificada el 27 de enero de 2026, la Junta de Subastas emitió la *Notificación de Adjudicación de Subasta.* En cuanto la evaluación realizada, dispuso lo siguiente:

1. Las ofertas recibidas cumplen con las especificaciones del aviso de subasta.
2. Con fecha de 9 de enero de 2026, tenemos carta de parte de Eva Acevedo, Gerente de Programa Estratégico – Oficina de Planificación, donde nos recomienda que se adjudique el proyecto a la compañía HMN Construction Corp.[1]

Así dispuesto, la Junta de Subastas emitió la siguiente determinación:

Por lo tanto, y a base de lo dispuesto en la Ley, Reglamento y, las condiciones y especificaciones de la Subasta número 2026-124 Servicios de Construcción Proyecto PR-CRP-000492 ROMPEOLAS RECREATIONAL ACTIVITIES FACILITIES, a HMN Construction Corp., ya que cumplió con todas las especificaciones y completó los documentos del Registro de Licitador y su oferta es la más ventajosa.[2]

Inconforme, el 2 de febrero de 2026, Enco acudió ante esta Curia mediante *Recurso de Revisión Judicial.* La parte recurrente realizó los siguientes señalamientos de error:

**Erró la Junta De Subastas al emitir una Notificación de Adjudicación deficiente, ya que no cumple con los requisitos esenciales y/o información requerida por el ordenamiento jurídico, en violación al debido proceso de ley, los principios de competencia y sana administración pública.**

**Erró la Junta De Subastas al adjudicar la buena pro a HMN CONSTRUCTION CORP., LLC, postor con una oferta más costosa que la oferta sometida por el recurrente, siendo las razones esbozadas insuficientes para desviarse de la norma de adjudicar al postor más bajo y habiendo el recurrente cumplido con las especificaciones del aviso de subasta.**

**Erró la Junta De Subastas al no descalificar a HMN, entidad que no cumplió con los requisitos y condiciones de la subasta.**

En igual fecha, la parte recurrente presentó una *Moción en Auxilio de Jurisdicción,* así como una *Moción Solicitando que se Eleven los Autos Originales.* El 3 de febrero de 2026, este Tribunal emitió una *Resolución* en virtud de la cual paralizamos los procedimientos ante la Junta de Subastas y le otorgamos un término para elevar una copia certificada del expediente administrativo y para presentar su alegato en oposición. Consecuentemente, el 11 de febrero de 2026,

---

[1] Apéndice del Recurso, Anejo 2, pág. 2.
[2] *Íd.,* pág. 5.

el Municipio presentó una *Solicitud de Desestimación y/u Oposición a Solicitud de Revisión Judicial*, a la cual, a su vez, anejó la copia certificada del expediente administrativo. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

**II.**

**-A-**

Las subastas son el medio a través del cual se invita a varios proponentes a presentar ofertas para la adquisición de bienes y servicios. *Transporte Rodríguez v. Jta. Subastas*, 194 DPR 711, 716 (2016). El fin primordial del proceso de subasta "es proteger los fondos públicos, fomentando la libre y diáfana competencia entre el mayor número de licitadores posibles". *Transporte Rodríguez v. Jta. Subastas, supra*, pág. 716; *Empresas Toledo v. Junta de Subastas*, 168 DPR 771, 778 (2006).

Por ello, a través de las subastas, se pretende lograr los precios más bajos posibles, evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgar los contratos y minimizar los riesgos de incumplimiento, a la vez que promueve la competencia de licitadores responsables. *RBR Const., S.E. v. A.C.*, 149 DPR 836, 849 (1999); *Mar-Mol, Co. v. Adm. Servicios Gens.*, 126 DPR 864, 871 (1990); *Cancel v. Municipio de San Juan*, 101 DPR 296, 300 (1973). Es por esto que, el procedimiento de pública subasta es de suma importancia y está revestido del más alto interés público. *Empresas Toledo v. Junta de Subastas, supra*, pág. 778, citando a *Oliveras Inc. v. Universal Insurance Co.*, 141 DPR 900, 925 (1996).

El Tribunal Supremo de Puerto Rico ha reiterado la importancia que reviste para la buena marcha de la cosa pública, que los procesos de adquisición de bienes y servicios del gobierno se lleven a cabo con eficiencia, honestidad y completa probidad. *R & B Power v. E.L.A.*, 170 DPR 606, 619 (2007); *Empresas Toledo v. Junta de Subastas, supra*, pág. 778; *A.E.E. v. Maxon*, 163 DPR 434, 439 (2004). Cuando está involucrado el uso de bienes o fondos públicos, es esencial la aplicación rigurosa de todas las normas pertinentes a la contratación

y desembolso de dichos fondos, a fines de proteger los intereses y el dinero del Pueblo. *De Jesús González v. A.C.,* 148 DPR 255, 268 (1999).

**-B-**

Los tribunales, en su función revisora, tienen el deber de examinar que en los procesos de subastas del gobierno no resulte adversamente afectado el erario o se menoscabe el esquema de ley que persigue asegurar la integridad de las subastas públicas. *Cotto v. Depto. de Educación,* 138 DPR 658, 66 (1995). La función revisora del tribunal en controversias en torno a la adjudicación de subastas tiene como propósito fundamental delimitar la discreción de los organismos administrativos y velar porque sus actuaciones sean conformes a la ley y estén dentro del marco del poder delegado. *Misión Ind. P.R. v. J.P.,* 146 DPR 64, 129 (1998).

A esos efectos, el Tribunal Supremo ha reconocido que, de ordinario, las agencias administrativas se encuentran en mejor posición que los tribunales para evaluar las propuestas o licitaciones ante su consideración a la luz de los parámetros establecidos por la ley y los reglamentos aplicables. *Aut. Carreteras v. CD Builders, Inc.,* 177 DPR 398, 408 (2009). Siendo así, una vez la agencia o junta involucrada emite una determinación, los tribunales no deberán intervenir con esta, salvo que se demuestre que la misma fue contraria a derecho. *A.E.E. v. Maxon, supra,* pág. 445.

El peso de la prueba para demostrar la ocurrencia de fraude o abuso de discreción recae en el recurrente, y si este no puede demostrar ausencia de factores racionales o razonables para la determinación de la agencia, deberá demostrar un perjuicio o una violación a los estatutos o reglamentos aplicables. *Empresas Toledo v. Junta de Subastas, supra,* pág. 783. Siendo así, en ausencia de fraude, mala fe, o abuso de discreción, ningún postor tiene derecho a quejarse cuando otra proposición es elegida como la más ventajosa, ya que no ostentan un derecho adquirido en ninguna subasta y la cuestión deberá decidirse a la luz del interés público. *Torres Prods. v. Junta Mun. Aguadilla,* 169 DPR 886, 898 (2007).

Asimismo, tomando en consideración el interés público, una agencia administrativa está facultada a "rechazar la oferta más baja por una más alta, siempre y cuando esta determinación no esté viciada por fraude o sea claramente irrazonable". *Empresas Toledo v. Junta de Subastas, supra*, pág. 783. Cónsono con lo anterior, el Artículo 2.040 (a) del Código Municipal, 21 LPRA sec. 7216, estipula lo siguiente:

> La Junta podrá adjudicar a un postor que no sea necesariamente el más bajo o el más alto, según sea el caso, si con ello se beneficia el interés público. En este caso, **la Junta deberá hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifican tal adjudicación**.

(Énfasis suplido)

De igual manera, el aludido artículo consagra que **la Junta de Subastas deberá notificarles a los licitadores no agraciados "las razones por las cuales no se le adjudicó la subasta"**. (Énfasis suplido). *Íd*. A su vez, la Sección 13 (3), Capítulo VIII, Parte II del *Reglamento para la Administración Municipal de 2016*, Reglamento Núm. 8873, de 19 de diciembre de 2016, establece la información que deberá contener la notificación de adjudicación, a saber:

> a) nombre de los licitadores;
> b) síntesis de las propuestas sometidas;
> c) **factores o criterios que se tomaron en cuenta para adjudicar la subasta y las razones para no adjudicar a los licitadores perdidosos**;
> d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final [...];
> e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones.

(Énfasis suplido)

Las formalidades discutidas garantizan el debido proceso de ley que procura una notificación adecuada para ejercer efectivamente el derecho a la revisión judicial. *IM Winner, Inc. v. Mun. de Guayanilla*, 151 DPR 30, 38 (2000). Luego de la notificación requerida "es que comenzará a transcurrir el término para acudir en revisión judicial". *PVH Motor v. ASG,* 209 DPR 122, 132 (2022); *PR Eco Park et al. v. Mun. de Yauco, supra*, pág. 538. Al respecto, el Tribunal Supremo ha establecido que:

> Al requerir que se incluyan los fundamentos en la notificación, nos aseguramos de que los tribunales puedan revisar dichos

fundamentos para determinar si la decisión fue arbitraria, caprichosa o irrazonable. Este aspecto cobra especial importancia en el caso de subastas públicas, ya que implican directamente el desembolso de fondos públicos. *Pta. Arenas Concrete, Inc. v. J. Subastas,* 153 DPR 733, 742 (2001); *L.P.C. & D., Inc. v. A.C.,* 149 DPR 869, 878 (1999).

La ausencia de tales fundamentos imposibilita al Tribunal de ejercer la jurisdicción en una etapa de revisión judicial. *IM Winner, Inc. v. Mun. de Guayanilla, supra,* pág. 37. De lo contrario, "el tribunal se vería en la necesidad de celebrar un juicio de *novo* cada vez que fuera a revisar las actuaciones de las agencias y los municipios". *Pta. Arenas Concrete, Inc. v. J. Subastas, supra,* pág. 743. Por tal razón, si la notificación es defectuosa, priva de jurisdicción al foro revisor, pues el recurso presentado es prematuro. *PR Eco Park et al. v. Mun. de Yauco, supra,* pág. 538; *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015).

### III.

En el recurso que nos ocupa, la parte recurrente señala, entre otros, que la Junta de Subastas incidió al emitir una notificación de adjudicación deficiente y carente de fundamentos. Argumenta que la Junta de Subastas no estableció los criterios o factores tomados en cuenta para adjudicar la subasta. Como consecuencia, razona que la Notificación de Adjudicación fue emitida de manera ineficiente, defectuosa y en violación al debido proceso de ley.

Por incidir sobre nuestra facultad revisora, atenderemos el primer señalamiento de error con primacía. Tras un examen sosegado del expediente, adelantamos que carecemos de jurisdicción, ante el hecho de que la Notificación de Adjudicación no estipuló los fundamentos por los cuales adjudicaron la buena pro a favor del licitador agraciado y las razones por las cuales no adjudicaron a favor de los licitadores perdidosos.

Según hemos reseñado, el Reglamento Núm. 8873 claramente dispone que la notificación deberá contener, entre otros, los factores y criterios tomados en consideración para adjudicar la subasta. Examinada la Notificación de Adjudicación emitida en el caso de epígrafe, constatamos que incumple crasamente con las exigencias reglamentarias. Respecto a los criterios evaluados

al adjudicar la buena pro a favor de HMN, la Junta de Subastas consignó que fue el licitador recomendado por la Oficina de Planificación y que "cumplió con todas las especificaciones y completó los documentos del Registro de Licitador y su oferta es la más ventajosa". En cuanto a los licitadores perdidosos, la Junta de Subastas no expuso las razones por las cuales no adjudicó la subasta a su favor. Por el contrario, se limitó a exponer, de manera general, que "[l]as ofertas recibidas cumpl[iero]n con las especificaciones del aviso de subasta". Ciertamente, al desconocer los criterios evaluados al tomar su decisión, nos vemos imposibilitados de ejercer nuestra facultad revisora.

Ante tal incumplimiento, resulta forzoso concluir que la Notificación de Adjudicación no se perfeccionó y, por tanto, la presentación del recurso de revisión resulta prematura. Como resultado, corresponde devolver el asunto ante la Junta de Subastas, para que corrija las deficiencias señaladas en la notificación. Luego de subsanado el error, comenzará a transcurrir el término para acudir ante esta Curia.

## IV.

Por los fundamentos que anteceden, los cuales hacemos constar en la presente *Sentencia*, se *desestima* el recurso, por prematuro. Se devuelve ante la Junta de Subastas del Municipio de Aguadilla, a los fines de que emita una notificación, de conformidad con las exigencias contempladas en la Sección 13 (3) del Capítulo VIII, Parte II, del Reglamento Núm. 8873.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones