ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JUAN SUÁREZ, INC.<br><br>Recurrente<br><br>V.<br><br>MUNICIPIO DE HUMACAO, JUNTA DE SUBASTAS<br><br>Recurrido | KLRA202400373 | *RECURSO DE REVISIÓN ADMINISTRATIVA* de Municipio de Humacao, Junta de Subastas<br><br>Subasta Núm. 23-24-44; "Subasta General Año Fiscal 2024-2025, Renglón 8; Compra de Equipo para Escuelas (Centro Head Star, Child Care y otras Dependencias Municipales."<br><br>Sobre: Impugnación de Subasta |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 29 de agosto de 2024.

Juan Suárez, Inc. (Suárez o Recurrente) solicita la revocación de la adjudicación de la Subasta Núm. 23-24-44: "Subasta General Año Fiscal 2024-2025, Renglón Núm. 8: Compra de Equipo para Escuelas (Centros Head Start, Child Care y otras Dependencias Municipales" que emitió y notificó la Junta de Subastas del Municipio Autónomo de Humacao (Junta o Recurrido) el 1 de julio de 2024. Mediante esta, la Junta adjudicó el Renglón 8 de la subasta a la compañía Camera Mundi, LLC (Camera Mundi).

Número Identificador

SEN2024 _____

Por las razones que exponemos a continuación, revocamos la determinación recurrida.

**I.**

El **8 de marzo de 2024**, el Municipio de Humacao publicó en el periódico de circulación general Primera Hora el aviso de subasta número 23-24-44. En este aviso se anunciaba la subasta General del Municipio para el año fiscal 2024-2025 y constaba de 25 renglones diferentes e individuales para la realización de compras, mantenimientos, suministros, construcciones, entre otras cosas, para el funcionamiento del Municipio y sus dependencias.[1]

El Renglón 8, concerniente a este caso, consistía en la compra de equipo para escuelas (Centros Head Start, Child Care y otras Dependencias Municipales).[2] Los participantes como licitadores de este renglón fueron las corporaciones Camera Mundi y Juan Suárez, Inc., aquí parte recurrente.[3] **El 1 de julio de 2024, en una escueta carta de notificación la Junta adjudicó la Subasta a Camera Mundi**.[4]

En desacuerdo con la determinación de la Junta, el **11 de julio de 2024**, Suárez presentó el recurso que atendemos. Planteó como señalamiento de error que:

> Erró la Junta de Subastas del Municipio de Humacao al adjudicar la totalidad del renglón 8 de la subasta 23-24-44 a la compañía Camera Mundi, Inc. a pesar de que: (a) el recurrente Juan Suárez Inc. fue mejor postor en ciento catorce (114) partidas y **(b) sin expresar razón alguna que justifique la conveniencia de adjudicar la totalidad de una subasta a un postor indicando que éste licitó a un mayor número de artículos.**

Finalmente, el 26 de agosto de 2024 comparece el La Junta de Subasta del Municipio mediante una Moción expresa su

---

[1] Apéndice del Recurso de Revisión, pág. 6.
[2] *Íd.*
[3] *Íd.*, pág. 2.
[4] *Íd.*

intención de, eventualmente, realizar una nueva carta de notificación conforme a derecho. Con estos hechos en mente, procedemos a esbozar el derecho concerniente.

**II.**

**A.**

Al ejercer la función revisora en el contexto de las subastas gubernamentales, es menester tener presente que las agencias administrativas, de ordinario, se encuentran en mejor posición que los tribunales para evaluar las propuestas o licitaciones ante su consideración de acuerdo con los parámetros establecidos por la ley y los reglamentos aplicables. Aut. Carreteras v. CD Builder, Inc., 177 DPR 398, 408 (2009). Ello responde a que, indubitadamente, la agencia posee una vasta experiencia y especialización que la colocan en mejor posición que el foro judicial para seleccionar el postor que más convenga al interés público. Caribbean Communications v. Pol. de P.R., *supra*, pág. 1006; Perfect Cleaning v. Centro Cardiovascular, 172 DPR 139 (2007).

De manera que, la norma es que las agencias gozan de una amplia discreción en la evaluación de las propuestas sometidas ante su consideración. Caribbean Communications v. Pol. de P.R., *supra*; Accumail P.R. v. Junta Sub. A.A.A., 170 DPR 821, 828-829 (2007). Se reconoce pues discreción a las agencias administrativas en el ejercicio de su facultad de considerar licitaciones, rechazar propuestas y adjudicar la subasta a favor de la licitación que estime se ajusta mejor a las necesidades particulares de la agencia y al interés público en general. Aut. Carreteras v. CD Builder, Inc., *supra*.

Una vez la agencia o junta involucrada emite una determinación, los tribunales no deben sustituir el criterio de la

agencia o junta concernida, excepto si se demuestra que la decisión se tomó de forma arbitraria o caprichosa, o mediando fraude o mala fe. Caribbean Communications v. Pol. de P.R., *supra*; Torres Prods. v. Junta Mun. Aguadilla, *supra*. En ausencia de estos elementos, "ningún postor tiene derecho a quejarse cuando otra proposición es elegida como la más ventajosa. La cuestión debe decidirse a la luz del interés público [...]". Id., citando a Great American Indemnity v. Gobierno de la Capital, 59 DPR 911, 916 (1942). En tales casos, la determinación será sostenida si cumple con el criterio de razonabilidad. Caribbean Comunications v. Pol. de P.R., *supra*.

**B.**

El procedimiento comúnmente utilizado por el Gobierno para adquirir bienes y servicios es la subasta pública formal u ofertas selladas. Caribbean Communications v. Pol. De P.R., 176 DPR 978 (2009); R&B Power v. E.L.A., 170 DPR 606, 620 (2007). La subasta formal comienza con la preparación del pliego de condiciones y especificaciones, seguido por la emisión de la invitación o aviso de subasta al público.  Luego, los interesados someten sus propuestas selladas las cuales se hacen públicas con la celebración del acto de apertura en presencia de todos los postores. Caribbean Communications v. Pol. De P.R., *supra*, págs. 994-995. Después, las ofertas pasan a manos de un comité evaluador que, luego de evaluarlas, emite su recomendación para la adjudicación de la buena pro. Finalmente, el procedimiento concluye con la adjudicación de la buena pro y la notificación de esta a todos los postores. Íd. la particularidad del procedimiento de subasta formal reside en que las ofertas se presentan selladas. Esto es de suma importancia, pues garantiza la secretividad en la etapa anterior a la apertura de la licitación. Este elemento es

indispensable para que exista una competencia leal y honesta, pues impide que un postor enmiende su propuesta para superar la de un competidor. Caribbean Communications v. Pol. De P.R., *supra;* Trans Ad de PR v. Junta de Subastas, 174 DPR 56, 66 (2008).

Dado que la adjudicación de las subastas gubernamentales conlleva el desembolso de fondos del erario, están revestidas de un gran interés público y deben regirse por preceptos legales que promuevan la sana administración pública*.* Caribbean Communications v. Pol. de P.R., *supra*, pág. 994. Esto es así, pues las adjudicaciones de las subastas gubernamentales suponen el desembolso de fondos del erario, valor jurídico de la mayor importancia. En consonancia, la consideración primordial al momento de determinar quién debe resultar favorecido en el proceso de adjudicación de subastas debe ser el interés público en proteger los fondos del pueblo de Puerto Rico. Transporte Rodríguez v. Jta. Subastas, 194 DPR 711, 719 (2016); Cordero Vélez v. Municipio de Guánica, 170 DPR 237, 245 (2007), Caribbean Communications v. Pol. de PR., *supra*.

En el trámite de la subasta, se debe perseguir la competencia libre y transparente entre el mayor número de licitadores posible, procurando conseguir los precios más económicos, evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos; y minimizar los riesgos de incumplimiento*.* Empresas Toledo v. Junta de Subastas, 168 DPR 771, 778 (2006); Caribbean Communications v. Pol. de PR*, supra*, pág. 994*.*

De manera que, en aras de proteger la buena administración del gobierno, los estatutos que requieren la celebración de

subastas tienen el propósito de promover la competencia en las proposiciones, de manera que el Estado consiga realizar la obra al precio más bajo posible. Torres Prods. v. Junta Mun. Aguadilla, 169 DPR 886, 897 (2007). Al requerirse que la subasta y el contrato se adjudiquen al postor más bajo se evita que haya favoritismo, corrupción, extravagancia y descuido al otorgarse los contratos. Torres Prods. v. Junta Mun. Aguadilla, *supra*; Justiniano v. E.L.A., 100 DPR 334, 338(1971).

Aunque se favorece la selección del licitador que ofrezca el menor costo, no hay una norma legislativa que obligue a las agencias a escoger al licitador más bajo. Ello, cuando entre otros la agencia entienda que sus intereses no estarán adecuadamente protegidos. Véase Empresas Toledo v. Junta de Subastas, *supra*, pág. 782. Al momento de evaluar a los licitadores, la agencia debe procurar seleccionar al que esté mejor capacitado para proveer el bien o servicio en cuestión. Íd.

Por ello, un organismo gubernamental está facultado para rechazar la licitación más baja en todas aquellas ocasiones en que estime que los servicios técnicos, probabilidad de realizar la obra de forma satisfactoria y dentro del tiempo acordado, materiales, etc., que ofrezca un postor más alto corresponde a sus mejores intereses. Empresas Toledo v. Junta de Subastas, *supra*, pág. 783. Así también, la ley 107-2020, en su Art. 2.040 (a), 21 L.P.R.A. sec. 7216, establece que:

> La adjudicación de una subasta será notificada a todos los licitadores certificando el envío de dicha adjudicación mediante correo certificado con acuse de recibo, o mediante correo electrónico, si así fue provisto por el licitador o licitadores. En la consideración de las ofertas de los licitadores, la Junta podrá hacer adjudicaciones por renglones cuando el interés público así se beneficie. **La Junta de Subasta notificará a los licitadores no agraciados las razones por las cuales no se le adjudicó la subasta.** Toda adjudicación tendrá que ser notificada a cada uno de los licitadores, apercibiéndolos del

término jurisdiccional de diez (10) días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones, de conformidad con el Artículo 1.050 de este Código.

Es decir que, aun cuando reconoce que no siempre se debe contratar con el licitador de menor precio, enfatiza en la obligación de esbozar la razones por las que no se le otorgó al licitador no agraciado.

A la luz de la mencionada normativa, evaluamos.

## III.

El Recurrente señala que la Junta incidió al adjudicar la totalidad del Renglón 8 de la Subasta 23-24-44 a Camera Mundi. Alegó que fue el mejor postor en ciento catorce (114) partidas. Adujo, además, que erró la Junta al no expresar razón alguna que justifique la conveniencia de adjudicar la totalidad de la subasta al otro licitador. Le asiste la razón, veamos.

Los tribunales apelativos debemos conceder deferencia a las determinaciones de las agencias administrativas, por razón de la experiencia y el conocimiento especializado que éstas poseen sobre los asuntos que se les han delegado. Conforme a la normativa antes expuesta, se descartará el criterio de los entes administrativos cuando "no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo". Hernández Feliciano v. Municipio de Quebradillas, *supra*; Capó Cruz v. Jta. Planificación et al., *supra*, pág. 591; Rolón Martínez v. Supte. Policía, *supra*.

Es harto conocido que, en Puerto Rico, nuestro estado de derecho permite que las subastas puedan ser otorgadas a un licitador que no sea el que presenta el mejor precio. La Junta de Subasta puede considerar otros aspectos, como el tiempo en que se llevará a cabo el cumplimiento, la experiencia de la empresa,

entre otras cosas, pero lo ata a que la Junta notifique adecuadamente al licitador no agraciado e, incluso, le provea las razones por las que se adjudicó a otro licitador.

En el caso ante nos, se desprende del expediente que el Municipio no actuó conforme a la ley al notificarle a los licitadores de la decisión y, tras acoger la oferta de Camera Mundi, erró al no justificar su decisión. De hecho, así lo reconoce el propio Municipio en su escrito compareciendo ante el Tribunal de Apelaciones. En el que expresa su intención de, eventualmente, realizar una nueva carta de notificación -esta vez- conforme al estado de derecho.

En ese sentido, debemos recordarle a la Junta de Subastas del Municipio que, la intención de subsanar no subsana. No habiendo subsanado la deficiencia de no expresar las razones, la Junta demuestra su actuación arbitraria y, por lo tanto, obliga a esta curia a revocar y ordenar nuevamente un proceso de adjudicación en el que se evalúe la totalidad de las licitaciones sometidas.

**IV.**

Por los fundamentos ante expuestos, revocamos la resolución emitida por la Junta y ordenamos la devolución del caso a dicho foro adjudicativo, para que se realice todo el proceso de adjudicación nuevamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones