ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| ABEXUS, LLC, D/B/A ABEXUS ANALYTICS <br><br> Recurrente <br><br> v. <br><br> JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE GUAYAMA <br><br> Recurrida | TA2025RA00312 | *Revisión Administrativa* procedente de la Junta de Subastas del Municipio Autónomo de Guayama <br><br> Subasta Núm.: RFP 25-055 <br><br> Sobre: Solicitud de Propuesta para Servicios de Planificación |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de noviembre de 2025.

Compareció ABEXUS, LLC (en adelante, "Abexus" o "recurrente") mediante el recurso de revisión judicial presentado el 24 de octubre de 2025. Nos solicitó la revisión de la notificación sobre la adjudicación de la *Subasta RFP 25-055|Servicios de Planificación|The Municipal Recovery Planning Program (MRP)* efectuada por la Junta de Subasta del Municipio Autónomo de Guayama (en adelante, "Municipio de Guayama" o "recurrido"). En síntesis, alegó que la referida notificación es defectuosa.

Por los fundamentos que expondremos a continuación, se **desestima** el recurso de epígrafe por tardío.

**-I-**

El 17 de marzo de 2025, el Municipio de Guayama publicó en el periódico Primera Hora el *Aviso de subasta* del *RFP 25-055* para *The Municipal Recovery Planning Program (MFP).*[1]

---

[1] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (en adelante, "SUMAC-TA"), entrada núm. 1, anejo 3, pág. 113.

El 8 de abril de 2025, Abexus presentó su *Proposal for: "Planning Services Under the Community Development Block Grant Disaster Recovery".* [2]

Así las cosas, el 16 de julio de 2025, la Junta de Subasta del Municipio de Guayama emitió su determinación intitulada *Subasta RFP 25-055|Servicios de Planificación|The Municipal Recovery Planning Program (MRP).*[3] En igual fecha, la Junta de Subasta del Municipio de Guayama depositó en el correo y archivó en autos la notificación de su determinación. En esta, adjudicó la buena pro de la Subasta RFP 25-055 a la compañía de Estudios Técnicos. En cuanto a los proponentes perdidosos, les advirtió como sigue:

> A los efectos de cumplir con el principio mandatorio de una adecuada notificación a los proponentes perdidosos, hemos consignado las razones que llevaron a la Junta a tomar la determinación de rechazar sus propuestas para la subasta general Municipal. Siendo así, se le advierte que, si usted no está de acuerdo con la presente decisión, tiene disponible el mecanismo de revisión judicial. Usted puede presentar un recurso de revisión judicial ante el Honorable Tribunal de Apelaciones, el cual debe ser presentado dentro de un **término jurisdiccional de diez (10) días** contados a partir del depósito en el correo de copia de esta notificación, conforme a lo establecido en los Artículos 2.040 (a) y 1.050 del Código Municipal de Puerto Rico. El Municipio Autónomo de Guayama le agradece la participación de su empresa en este proceso de solicitud de propuestas. La Junta de Subastas se reserva el derecho de enmendar, modificar o cancelar la adjudicación de cualquier subasta en cualquier momento, antes de la firma del correspondiente contrato, sin que medie responsabilidad alguna por parte del Municipio Autónomo de Guayama.
>
> **CERTIFICO** que en el día de hoy 16 de julio de 2025 fue debidamente archivada en autos copia de esta notificación, la cual ha sido remitida a las partes envueltas, mediante correo certificado con acuse de recibo.[4]

En desacuerdo, Abexus remitió tres (3) cartas a la Junta de Subasta del Municipio de Guayama en las siguientes fechas: (i) 7 de agosto de 2025[5], (ii) 28 de agosto de 2025[6] y (iii) 23 de septiembre de 2025.[7] En síntesis, suscribió que la notificación de la

---

[2] SUMAC-TA, entrada núm. 1, anejo 1, págs. 1-108.
[3] SUMAC-TA, entrada núm. 1, anejo 2, págs. 109-112.
[4] *Id.,* pag. 111.
[5] SUMAC-TA, entrada núm. 1, anejo 4, págs. 114-117.
[6] SUMAC-TA, entrada núm. 1, anejo 5, págs. 118-119.
[7] SUMAC-TA, entrada núm. 1, anejo 7, págs. 125-147.

determinación tenía varias deficiencias y solicitó el acceso al expediente del proceso de adjudicación.

Sin respuesta por parte del Municipio de Guayama y aun inconforme, el 24 de octubre de 2025, Abexus acudió ante este Tribunal mediante el recurso de epígrafe en el cual señaló los errores siguientes:

> PRIMERO: LA NOTIFICACIÓN EMITIDA POR LA JUNTA DE SUBASTA DEL MUNICIPIO DE GUAYAMA ADOLECE DE DEFICIENCIAS PROCESALES POR LO QUE ESTA DEBE SER REVOCADA.
>
> SEGUNDO: LA NOTIFICACIÓN EMITIDA POR LA JUNTA DE SUBASTAS DEL MUNICIPIO DE GUAYAMA ADOLECE DE DEFICIENCIAS PROCESALES POR LO QUE CORRESPONDE QUE NOTIFIQUE NUEVAMENTE LA ADJUDICACIÓN DE LA SUBASTA RFP 25-055.[8]

Por su parte, el 3 de noviembre de 2025, el Municipio de Guayama presentó una *Solicitud de Desestimación.*[9] Consecuentemente, la 5 de noviembre de 2025, Abexus presentó su *Oposición a Moción Desestimación.*[10]

Así pues, con el beneficio de la comparecencia escrita de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**-II-**

**A. Jurisdicción**

En nuestro ordenamiento jurídico se ha establecido que la jurisdicción "es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí". *R&B Power Inc., v. Junta de Subasta,* 213 DPR 685, 698 (2024); *FCPR V. ELA et al.,* 211 DPR 521, 529 (2023). En ese sentido, el factor jurisdiccional es el primer factor que debe considerar un tribunal en toda situación jurídica que se presente para su adjudicación. *R&B Power Inc., v. Junta de Subasta,* supra, pág. 698; *FCPR V. ELA et al.,*

---

[8] SUMAC-TA, entrada núm. 1, pag. 11.
[9] SUMAC-TA, entrada núm. 7.
[10] SUMAC-TA, entrada núm. 10.

supra, pág. 530. De manera que los asuntos jurisdiccionales son privilegiados y deben ser atendidos de forma preferente. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020).

Acorde con ello, los tribunales estamos emplazados a ser fieles guardianes de nuestra jurisdiccion y carecemos de discreción para asumirla donde no la hay. *Íd.* Por ende, la falta de jurisdicción tiene los siguientes efectos:

> (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.

*Fuentes Bonilla v. ELA*, 200 DPR 364, 372-373 (2018).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 109-110, 215 DPR __ (2025), confiere autoridad al Tribunal para desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia o a petición de parte, cuando carezca de jurisdicción. De esa forma, si al hacer el análisis jurisdiccional, el tribunal concluye que carece de jurisdicción para adjudicar la cuestión ante su consideración, tiene el deber de así declararlo y proceder con la desestimación del recurso apelativo sin entrar en los méritos de la controversia. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018).

**B. Revisión judicial de las subastas municipales**

En Puerto Rico, nuestro Tribunal Supremo ha reconocido que no existe una ley que regule los procedimientos de subastas con uniformidad, aunque la Ley Núm. 38-2017, según enmendada, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9601 *et seq.* (en adelante, "LPAU") atiende varios aspectos de las subastas llevadas a cabo por

entidades gubernamentales. *Municipio de Aguada v. W Construction, LLC,* supra. Sin embargo, la LPAU en su definición de "agencia" excluye en específico a los gobiernos municipales o sus entidades o corporaciones. 3 LPRA sec. 9603.

Por ello, la propia LPAU dispone que los procedimientos de subastas municipales se regirán por la Ley Núm. 107-2020, según enmendada, conocida como *Código Municipal de Puerto Rico*, 21 LPRA sec. 7100 *et seq.* (en adelante, "Código Municipal"). además, las subastas municipales se rigen por el Reglamento Núm. 8873 de 19 de diciembre de 2016, conocido como Reglamento para la Administración Municipal de 2016 (en adelante, "Reglamento Núm. 8873").

En cuanto a la revisión judicial de las subastas municipales, el Artículo 1.050 del Código Municipal dispone como sigue:

> El Tribunal de Apelaciones revisará, el acuerdo final o adjudicación de la Junta de Subastas, el cual se notificará por escrito y mediante copia por correo escrito regular y certificado o mediante correo electrónico a la(s) parte(s) afectada(s). **La solicitud de revisión se instará dentro del término jurisdiccional de diez (10) días contados desde el envío de correo electrónico o depósito en el correo de la copia de la notificación del acuerdo final o adjudicación.** La notificación deberá incluir el derecho de la(s) parte(s) afectada(s) de acudir ante el Tribunal de Circuito de Apelaciones para la revisión judicial; término para apelar la decisión; fecha de archivo en auto de la copia de la notificación y a partir de qué fecha comenzará a transcurrir el término. La competencia territorial será del panel de jueces correspondiente a la región judicial a la que pertenece el municipio.

21 LPRA sec. 7081 (énfasis suplido).

Ahora bien, el Reglamento Núm. 8873 en su Sección 13 de la Parte II del Capítulo VIII estatuye lo siguiente:

> (2) La decisión final de la Junta se notificará por escrito y por correo certificado con acuse de recibo, a todos los licitadores que participaron en la subasta y será firmada por el Presidente de la Junta [...]
>
> (3) La notificación de adjudicación o la determinación final de la Junta, que se enviará a todos los licitadores que participaron en la subasta, debe contener la siguiente información:
> a) nombre de los licitadores;
>
> b) síntesis de las propuestas sometidas;

c) factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos;

d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, y el término para ello, que es dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la notificación de adjudicación;

e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones.

(4) Ante la posibilidad de alguna impugnación de una adjudicación en una subasta, no se formalizará contrato alguno hasta tanto transcurran diez (10) días contados desde el depósito en el correo de la notificación del acuerdo final o adjudicación. La anterior prohibición aplicará aún en los casos de subastas en las cuales participó un solo licitador.

Transcurrido el término de los diez (10) días de la notificación o adjudicación, el municipio otorgará el contrato escrito, con los requisitos de Ley aplicables y conforme el Capítulo de Contratos Municipales de este Reglamento.

Véase, Reglamento Núm. 8873, págs. 118-119.

Por último, el respectivo Código Municipal no provee a la parte adversamente afectada por una adjudicación de subasta el remedio de solicitar reconsideración ante la Junta de Subasta. *Transporte Rodríguez v. Jta. Subastas*, 194 DPR 711, 721-722 (2016). Esto es, "la parte adversamente afectada no tiene disponible el mecanismo de reconsideración ante la Junta de Subastas, sino que deberá acudir en revisión judicial ante el Tribunal de Apelaciones". *Id,* pág. 722.

Discutido el derecho aplicable, este Tribunal se encuentra en posición para disponer del recurso de autos.

**-III-**

De entrada, como foro revisor, estamos obligados a examinar nuestra jurisdicción para atender el recurso que nos ocupa. Veamos.

Tras la presentación del recurso de epígrafe, el Municipio de Guayama nos solicitó su desestimación por falta de jurisdicción. Alegó que el 16 de julio de 2025 depositó en el correo la notificación de la adjudicación de la subasta RFP 25-055 y ese mismo día archivó

su copia en autos. Por tanto, sostuvo que el recurrente presentó el recurso de revisión judicial tardíamente.

En cambio, el recurrente en su oposición a la desestimación argumentó que el término para acudir ante este Tribunal no ha empezado a transcurrir puesto que la notificación de la adjudicación de la subasta fue defectuosa. En síntesis, adujo que la adjudicación adolece de dos defectos: (i) no incluyó un resumen de las propuestas de los licitadores y (ii) no especificó las razones por las cuales los licitadores perdidosos no fueron elegidos. Además, sostuvo que el Municipio de Guayama hizo caso omiso a sus tres (3) intentos de procurar que atendieran las deficiencias en la notificación de la determinación.

Acorde a nuestro estado de derecho, las subastas municipales se rigen por el Código Municipal y el Reglamento Núm. 8873. Ambas legislaciones no proveen a la parte adversamente afectada por la adjudicación de una subasta un mecanismo de reconsideración ante la Junta de Subasta correspondiente. *Transporte Rodríguez v. Jta. Subastas*, supra. No obstante, ambas legislaciones establecen la adjudicación de una subasta se revisará mediante un recurso de revisión judicial ante el Tribunal de Apelaciones, el cual deberá presentarse dentro del término jurisdiccional de diez (10) días contados desde el envío de correo electrónico o depósito en el correo de la copia de la notificación de la adjudicación.

Así pues, nótese que, el 16 de julio de 2025, el Municipio de Guayama depositó en el correo y archivó en autos la notificación de la adjudicación de subasta. Por tanto, Abexus disponía de un término de 10 días jurisdiccionales, a partir de la fecha del depósito en el correo, para presentar un recurso de revisión judicial ante este foro revisor. Entiéndase, la recurrente tenía hasta el 28 de julio de 2025 acudir en revisión judicial. Sin embargo, no fue hasta el 24 de octubre de 2025 que Abexus presentó el recurso de epígrafe. Esto

es, la recurrente compareció ante esta curia más de 90 días de vencido el término jurisdiccional que dispone el Código Municipal y el Reglamento Núm. 8873. Por tanto, el recurso es tardío.

Por último, no podemos avalar el argumento de la recurrente en cuanto a que la notificación de adjudicación de subasta es defectuosa. Ello, en la medida que, la notificación contiene los nombres de los licitadores, la cantidad que ofertó cada uno, así como los fundamentos para la adjudicación y las puntuaciones que contuvieron en el proceso de evaluación. Inclusive, contiene la advertencia del derecho a solicitar revisión judicial de la adjudicación y la fecha de archivo en autos y notificación.

Habiéndose notificado adecuadamente y presentado de forma tardía el presente recurso, concluimos que carecemos de jurisdicción para atenderlo.

**-IV-**

Por los fundamos previamente expuestos, se **desestima** el recurso de epígrafe por tardío.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones