ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| MANOR CONTRACTORS, CORP.<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE RÍO GRANDE<br><br>Recurrido | TA2026RA00084 | ***Revisión Administrativa***, procedente de la Junta de Subastas del Municipio Autónomo de Río Grande<br><br>Subasta Núm.: 2026-01 Renglón de Asfalto<br><br>Sobre: Impugnación de Subasta |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 3 de marzo de 2026.

Comparece Manor Contractors, Corp. ("Manor Contractors" o "Recurrente") mediante *Recurso de Revisión Judicial* y nos solicita que revisemos la *Resolución Núm. 2026-01* emitida por la Junta de Subastas del Municipio de Río Grande. En virtud del aludido dictamen, la Junta adjudicó la buena pro de la Subasta General 2026-01 a favor de Rottan Group, LLC.

Por los fundamentos que proceden, se *desestima* el recurso, por falta de jurisdicción, por prematuro.

### I.

El 1 de agosto de 2025, el Municipio de Río Grande publicó un Aviso de Subasta para la Subasta General 2026-01. Ante ello, los siguientes diez (10) licitadores presentaron propuestas:

1. Rottan Group, LLC
2. JR Site Construction Corp.
3. DB Asphalt
4. 4 Contractor Corp.
5. P.R. Disposal 4 Constractor
6. N.H.I. Construction
7. Manor Contractors, Corp.
8. Harry Auto Kool, Inc.
9. Berríos Contractor and Asphalt
10. Puerto Rico Asphalt, LLC

El 18 de febrero de 2026, la Junta de Subastas evaluó las propuestas sometidas. En atención a ello, el 20 de febrero de 2026, la Junta de Subastas emitió una Notificación de Adjudicación, intitulada *Resolución Núm. 2026-01*, en virtud de la cual adjudicó la subasta a favor de Rottan Group, LLC. La Junta de Subastas formuló la siguiente determinación de hecho:

> [S]e compararon los precios y determinó adjudicar la BUENA PRO bajo el renglón de Asfalto de esta subasta a la compañía Rottan Group, LLC, esta cumplió con todas las especificaciones y condiciones para la misma, ofreció costos razonables por lo que representa el mejor interés y favorece el bienestar público de la Administración Municipal de Río Grande.[1]

Cónsono con lo anterior, concluyó lo siguiente:

> [T]omando en consideración las anteriores determinaciones de hecho y conclusiones de derechos, determinó adjudicar la SUBASTA-2026-01 Renglón de Asfalto a la compañía Rottan Group, LLC., ofreció costos razonables, cumplió con todos los requisitos y favorece el interés y bienestar público de la Administración Municipal de Río Grande.[2]

Inconforme, el 2 de marzo de 2026, Manor Contractors acudió ante nos mediante *Petición de Revisión Judicial.* La parte recurrente realizó los siguientes señalamientos de error:

> **Erró la Junta de Subastas del Municipio de Río Grande al emitir una Notificación de Adjudicación jurídicamente defectuosa, en craso incumplimiento con los requisitos mínimos de adecuacidad exigidos por el debido proceso de ley, el Artículo 2.040 del Código Municipal de Puerto Rico y la doctrina del Tribunal Supremo, impidiendo que comenzaran a transcurrir válidamente los términos jurisdiccionales para impugnar la determinación administrativa.**

> **Erró la Junta de Subastas del Municipio de Río grande al adjudicar la subasta de forma arbitraria, caprichosa y en abuso de discreción, al descartar sin motivación alguna a Manor Contractors Corp. y no articular cómo la adjudicación a otro postor beneficia el interés público.**

> **Erró la Junta de Subastas del Municipio de Río Grande al no permitir el acceso y reproducción al expediente administrativo de la subasta dentro del término para recurrir al Tribunal De Apelaciones en violación al derecho de acceso a la información pública y del derecho a una revisión judicial adecuada, privando a la parte recurrente ejercer cabalmente su derecho a revisión judicial de dicha determinación administrativa.**

---

[1] Véase, Apéndice del recurso, Entrada Núm. 2, pág. 2.
[2] *Íd.*, pág. 3

En igual fecha, la parte recurrente presentó una *Moción en Solicitud de Auxilio de Jurisdicción*. Además, instó una *Moción al amparo de la Regla 74 (F)*. Examinado el recurso, optamos por prescindir de los términos, escritos y procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 13, 215 DPR __ (2025).

## II.

### -A-

Las subastas son el medio a través del cual se invita a varios proponentes a presentar ofertas para la adquisición de bienes y servicios. *Transporte Rodríguez v. Jta. Subastas*, 194 DPR 711, 716 (2016). El fin primordial del proceso de subasta "es proteger los fondos públicos, fomentando la libre y diáfana competencia entre el mayor número de licitadores posibles". *Transporte Rodríguez v. Jta. Subastas, supra*, pág. 716; *Empresas Toledo v. Junta de Subastas*, 168 DPR 771, 778 (2006).

Por ello, a través de las subastas, se pretende lograr los precios más bajos posibles, evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgar los contratos y minimizar los riesgos de incumplimiento, a la vez que promueve la competencia de licitadores responsables. *RBR Const., S.E. v. A.C.*, 149 DPR 836, 849 (1999); *Mar-Mol, Co. v. Adm. Servicios Gens.*, 126 DPR 864, 871 (1990); *Cancel v. Municipio de San Juan*, 101 DPR 296, 300 (1973). Es por esto que, el procedimiento de pública subasta es de suma importancia y está revestido del más alto interés público. *Empresas Toledo v. Junta de Subastas, supra*, pág. 778, citando a *Oliveras Inc. v. Universal Insurance Co.*, 141 DPR 900, 925 (1996).

El Tribunal Supremo de Puerto Rico ha reiterado la importancia que reviste para la buena marcha de la cosa pública, que los procesos de adquisición de bienes y servicios del gobierno se lleven a cabo con eficiencia, honestidad y completa probidad. *R & B Power v. E.L.A.*, 170 DPR 606, 619 (2007); *Empresas Toledo v. Junta de Subastas, supra*, pág. 778; *A.E.E. v. Maxon*, 163 DPR 434,

439 (2004). Cuando está involucrado el uso de bienes o fondos públicos, es esencial la aplicación rigurosa de todas las normas pertinentes a la contratación y desembolso de dichos fondos, a fines de proteger los intereses y el dinero del Pueblo. *De Jesús González v. A.C.*, 148 DPR 255, 268 (1999).

**-B-**

Los tribunales, en su función revisora, tienen el deber de examinar que en los procesos de subastas del gobierno no resulte adversamente afectado el erario o se menoscabe el esquema de ley que persigue asegurar la integridad de las subastas públicas. *Cotto v. Depto. de Educación,* 138 DPR 658, 66 (1995). La función revisora del tribunal en controversias en torno a la adjudicación de subastas tiene como propósito fundamental delimitar la discreción de los organismos administrativos y velar porque sus actuaciones sean conformes a la ley y estén dentro del marco del poder delegado. *Misión Ind. P.R. v. J.P.*, 146 DPR 64, 129 (1998).

A esos efectos, el Tribunal Supremo ha reconocido que, de ordinario, las agencias administrativas se encuentran en mejor posición que los tribunales para evaluar las propuestas o licitaciones ante su consideración a la luz de los parámetros establecidos por la ley y los reglamentos aplicables. *Aut. Carreteras v. CD Builders, Inc.,* 177 DPR 398, 408 (2009). Siendo así, una vez la agencia o junta involucrada emite una determinación, los tribunales no deberán intervenir con esta, salvo que se demuestre que la misma fue contraria a derecho. *A.E.E. v. Maxon, supra,* pág. 445*.*

El peso de la prueba para demostrar la ocurrencia de fraude o abuso de discreción recae en el recurrente, y si este no puede demostrar ausencia de factores racionales o razonables para la determinación de la agencia, deberá demostrar un perjuicio o una violación a los estatutos o reglamentos aplicables. *Empresas Toledo v. Junta de Subastas, supra*, pág. 783. Siendo así, en ausencia de fraude, mala fe, o abuso de discreción, ningún postor tiene derecho a quejarse cuando otra proposición es elegida como la más ventajosa, ya que no ostentan un derecho adquirido en ninguna subasta y la cuestión deberá decidirse a la luz

del interés público. *Torres Prods. v. Junta Mun. Aguadilla,* 169 DPR 886, 898 (2007).

Asimismo, tomando en consideración el interés público, una agencia administrativa está facultada a "rechazar la oferta más baja por una más alta, siempre y cuando esta determinación no esté viciada por fraude o sea claramente irrazonable". *Empresas Toledo v. Junta de Subastas, supra,* pág. 783. Cónsono con lo anterior, el Artículo 2.040 (a) del Código Municipal, 21 LPRA sec. 7216, estipula lo siguiente:

> La Junta podrá adjudicar a un postor que no sea necesariamente el más bajo o el más alto, según sea el caso, si con ello se beneficia el interés público. En este caso, **la Junta deberá hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifican tal adjudicación**.

(Énfasis suplido)

De igual manera, el aludido artículo consagra que **la Junta de Subastas deberá notificarles a los licitadores no agraciados "las razones por las cuales no se le adjudicó la subasta"**. (Énfasis suplido). *Íd.* A su vez, la Sección 13 (3), Capítulo VIII, Parte II del *Reglamento para la Administración Municipal de 2016*, Reglamento Núm. 8873, de 19 de diciembre de 2016, establece la información que deberá contener la notificación de adjudicación, a saber:

> a) nombre de los licitadores;
> b) síntesis de las propuestas sometidas;
> c) **factores o criterios que se tomaron en cuenta para adjudicar la subasta y las razones para no adjudicar a los licitadores perdidosos**;
> d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final [...];
> e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones.

(Énfasis suplido)

Las formalidades discutidas garantizan el debido proceso de ley que procura una notificación adecuada para ejercer efectivamente el derecho a la revisión judicial. *IM Winner, Inc. v. Mun. de Guayanilla,* 151 DPR 30, 38 (2000). Luego de la notificación requerida "es que comenzará a transcurrir el término para acudir en revisión judicial". *PVH Motor v. ASG,* 209 DPR 122, 132 (2022); *PR*

*Eco Park et al. v. Mun. de Yauco, supra,* pág. 538. Al respecto, el Tribunal Supremo ha establecido que:

> Al requerir que se incluyan los fundamentos en la notificación, nos aseguramos de que los tribunales puedan revisar dichos fundamentos para determinar si la decisión fue arbitraria, caprichosa o irrazonable. Este aspecto cobra especial importancia en el caso de subastas públicas, ya que implican directamente el desembolso de fondos públicos. *Pta. Arenas Concrete, Inc. v. J. Subastas,* 153 DPR 733, 742 (2001); *L.P.C. & D., Inc. v. A.C.,* 149 DPR 869, 878 (1999).

La ausencia de tales fundamentos imposibilita al Tribunal de ejercer la jurisdicción en una etapa de revisión judicial. *IM Winner, Inc. v. Mun. de Guayanilla, supra,* pág. 37. De lo contrario, "el tribunal se vería en la necesidad de celebrar un juicio de *novo* cada vez que fuera a revisar las actuaciones de las agencias y los municipios". *Pta. Arenas Concrete, Inc. v. J. Subastas, supra,* pág. 743. Por tal razón, si la notificación es defectuosa, priva de jurisdicción al foro revisor, pues el recurso presentado es prematuro. *PR Eco Park et al. v. Mun. de Yauco, supra,* pág. 538; *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015).

### III.

En el recurso que nos ocupa, la parte recurrente señala, entre otros, que la Junta de Subastas incidió al emitir una Notificación de Adjudicación deficiente y carente de fundamentos. Argumenta que, como consecuencia, no se han activado los términos jurisdiccionales para solicitar su revisión judicial.

Por incidir sobre nuestra facultad revisora, atenderemos el primer señalamiento de error con primacía. Tras un examen sosegado del expediente, adelantamos que carecemos de jurisdicción, ante el hecho de que la *Resolución Núm. 2026-01* no estipuló los fundamentos por los cuales adjudicaron la buena pro a favor del licitador agraciado y las razones por las cuales no adjudicaron a favor de los licitadores perdidosos.

Según hemos reseñado, el Reglamento Núm. 8873 claramente dispone que la notificación deberá contener, entre otros, los factores y criterios tomados en consideración para adjudicar la subasta. Examinada la Notificación de Adjudicación emitida en el caso de epígrafe, constatamos que incumple

crasamente con las exigencias reglamentarias. La Junta de Subastas, en términos generales, se limitó a exponer que Rottan Group, LLC. "ofreció costos razonables, cumplió con todos los requisitos y favorece el interés y bienestar público".[3] En cambio, no emitió pronunciamiento alguno en cuanto a las razones por las cuales no adjudicó la subasta a favor de los demás licitadores. Como resultado, al desconocer los criterios evaluados por la Junta de Subastas al tomar su decisión, nos vemos imposibilitados de ejercer nuestra facultad revisora.

En vista de que la *Resolución Núm. 2026-01* no se ha perfeccionado, la presentación del recurso de revisión resulta prematura. Corresponde devolver el asunto ante la Junta de Subastas, para que corrija las deficiencias señaladas en la Notificación de Adjudicación. Luego de subsanado el error, comenzará a transcurrir el término para acudir ante esta Curia.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos constar en la presente *Sentencia,* se *desestima* el recurso, por prematuro. Se devuelve ante la Junta de Subastas del Municipio de Río Grande, a los fines de que emita una notificación, de conformidad con las exigencias contempladas en la Sección 13 (3) del Capítulo VIII, Parte II, del Reglamento Núm. 8873. Consecuentemente, la *Moción en Solicitud de Auxilio de Jurisdicción* y la *Moción al amparo de la Regla 74 (F)* se declaran No Ha Lugar.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] *Íd.*, pág. 3.